UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CR684 CEJ |
| ) | |
| DONALD WHITE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Donald White came before the undersigned on a warrant for his arrest issued on May 19, 2009, on Order of the Honorable Carol E. Jackson, United States District Judge. The Order was issued on the petition of a United States Probation Officer and alleged that the Defendant violated the conditions of supervised release. Defendant is serving a 24-month term of supervised release that began on December 31, 2008.

The petition alleges that Defendant violated numerous conditions of his supervision related to an incident on March 30, 2009, in which Defendant is alleged to have been a passenger in a vehicle in Indiana that was driving at a high rate of speed, and that was detained following a lengthy police pursuit. Various large amounts of cash were on the occupants, including Defendant, and two of the occupants were convicted felons. A vehicle search revealed a small bag of marijuana, two ecstasy pills, and numerous cell phones. Defendant was not charged relative to the incident. Defendant is also alleged to have violated other conditions of his supervision, including failing to advise the probation

office that he had been laid off, failing to participate in GED classes, and failing properly to participate in drug treatment.

Defendant was arrested on May 28, 2009, and had his initial appearance before the undersigned that same day. Pursuant to Rule 32.1(b), Federal Rules of Criminal Procedure, a preliminary supervised release revocation hearing and a detention hearing were scheduled before the undersigned United States Magistrate Judge on June 1, 2009. Defendant was present at the hearing on June 1, 2009, and was represented by his attorney, Kristy Ridings. The government was represented by Assistant United States Attorney Cristian Stevens.

After conferring with counsel and being advised by the Court of his legal right to a preliminary supervised release revocation hearing, Defendant knowingly and voluntarily waived his right to a preliminary hearing, both orally and in writing, and agreed to be bound over for the final supervised release revocation hearing scheduled for June 4, 2009.

With regard to detention, the Court received the Pretrial Services Report (PSR) dated May 29, 2009. The parties had no objection to the PSR, which the Court adopts and incorporates. Pursuant to Rules 46(d) and 32.1(a)(6), Federal Rules of Criminal Procedure, and 18 U.S.C. §3143(a), the burden is on Defendant to show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community. Absent such a showing, Defendant must be detained.

At the hearing, Defendant presented medical records documenting that Defendant suffered a gunshot wound to his right knee, on April 26, 2009, the treatment of which required bypass grafting of his right popliteal artery and vein. He is to remain in an

immobilizer, and to come out of the immobilizer only for physical therapy, which he is scheduled to have twice a week.  Defendant is on crutches, and cannot drive.  Based solely on Defendant's current medical condition and needs, the Government did not have any objection to Defendant being released on bond, with home confinement.  Defendant's mother appeared at the hearing, and agreed that pending the final supervised release revocation hearing, Defendant could reside with her, on electronic monitoring and home incarceration.

Based solely on Defendant's medical condition, his need for physical therapy, and the fact that the final supervised release revocation hearing is scheduled to take place in just three (3) days, the undersigned believes that there are conditions or a combination of conditions that will permit the Defendant to continue his medical treatment and adequately assure Defendant's appearance and the safety of the community.   Defendant shall be released on a $10,000 unsecured bond, with the condition that he reside at his mother's home, that his mother sign as third-party custodian, that Defendant be subject to home incarceration with electronic monitoring, and that Defendant make a good faith effort to reschedule and participate in physical therapy while on release.

As stated above, the decision to release Defendant on bond is based primarily on Defendant's current medical condition and the prompt setting for the final supervised release revocation hearing.  As such, the parties are to advise the undersigned if the final supervised release revocation hearing is continued, in which event the Court may reconsider the determination to permit Defendant to remain on bond.

Therefore,

**IT IS HEREBY ORDERED** that Defendant Donald White be held to appear for a final supervised release revocation hearing on **Thursday, June 4, 2009, at 2:00 p.m.** before the Honorable Carol E. Jackson.

**IT IS FURTHER ORDERED** that Defendant be released on bond, with the standard conditions, and with the further conditions that he reside at his mother's home, with electronic monitoring and home incarceration, that his mother sign as third-party custodian, and that Defendant continue to participate in physical therapy while on release.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 1st day of June, 2009.